**LAUREL EMPLOYMENT LAW**
Joshua I. White (State Bar No. 278166)
josh@laurelemploymentlaw.com
Marta Manus (State Bar No. 260132)
marta@laurelemploymentlaw.com
6309 Van Nuys Boulevard, Suite 111
Van Nuys, California 91401-6630
Telephone: (323) 551-9221
Facsimile: (775) 703-0649

Attorneys for Plaintiff,
Ricardo Perez

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/30/2024 4:46 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| RICARDO PEREZ, on behalf of himself and all other aggrieved employees,<br><br>Plaintiff,<br>vs.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP., a Texas Corporation; and DOES 1 – 10, Inclusive,<br><br>Defendants. | Case No.:  24STCV25252<br><br>**REPRESENTATIVE ACTION FOR PAGA CIVIL PENALTIES**<br><br>[Labor Code §§2698, *et seq.*]<br><br>1.  Violation of the Private Attorneys General Act of 2004, Labor Code §§2698, *et seq.* |

1
REPRESENTATIVE ACTION FOR PAGA CIVIL PENALTIES

Plaintiff Ricardo Perez ("Plaintiff" or "Mr. Perez") hereby brings this Representative Action Complaint against Defendants SPACE EXPLORATION TECHNOLOGIES CORP., and DOES 1 through 10, inclusive ("Defendants"), and alleges as follows:

## NATURE OF CLAIM

1. Plaintiff brings a Representative Action under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code sections 2698, *et seq.*, but **solely on behalf of all other aggrieved employees** employed by Defendants in the State of California, for civil penalties pursuant to the PAGA for Defendants' misclassification of aggrieved employees as independent contractors resulting in the non-payment of minimum and overtime wages, failure to provide off-duty meal and rest periods, failure to provide reimbursement for costs and expenses, failure to provide compliant wage statements, and failure to timely pay all wages during and upon termination of employment. Plaintiff is not suing in his individual capacity, does not seek any redress or remedy for any of his individual claims including but not limited to his individual PAGA claims. Plaintiff is proceeding in this action solely under the PAGA, on behalf of the State of California for all aggrieved employees of Defendants, including himself. *See Balderas v. Fresh Start Harvesting, Inc.*, 101 Cal. App. 5th 533, 538 (2024).

## PARTIES

2. Plaintiff is, and at all relevant times herein has been, an individual residing in Los Angeles County, California.

3. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Defendants are and continue to employ individuals in the County of Los Angeles, California. Plaintiff is informed and believes this is the Defendants' principal place of business.

4. Defendants were Plaintiff's employer at all times relevant hereto.

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter ego, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture

and with the permission and consent of each of the other Defendants.

6. The true names and capacities, whether a corporation, agent, individual or otherwise, of DOES 1 through 10, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Each Defendant designated herein as a DOE is negligently or otherwise legally responsible in some manner for the events and happenings referred to herein and thereby proximately caused injuries and damages to Plaintiff as alleged herein. Plaintiff will seek leave of Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

7. At all times mentioned here, DOES 1 through 10 were the agents, representatives, employees, successors and/or assigns of Defendants and at all times pertinent hereto were acting within the course and scope of their authority as such agents, representatives, employees, successors, and/or assigns.

8. Plaintiff is informed and believes that at all relevant times herein mentioned Defendants, and/or DOES 1 through 10 are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. As such and based upon all the facts and circumstances of incident to Defendant's business in California, Defendants are subject to the California Labor Code, and the Government Code.

9. Plaintiff is informed and believes that Defendants, and each of them, committed other wrongful acts or omissions of which Plaintiff is presently unaware. Plaintiff shall conduct discovery to identify said wrongful acts and will seek leave of Court to amend this Complaint to add said acts upon discovery.

**JURISDICTION AND VENUE**

10. Pursuant to California Code of Civil Procedure ("CCP") §395(a), venue is proper in the above-entitled Court because the majority of all facts giving rise to the causes of action stated herein arose in Los Angeles County, California. Venue in Los Angeles County, California, is further proper under Government Code §12965(b) because the unlawful practices were committed in Los Angeles County, California. Plaintiff worked in Los Angeles County, California, and Plaintiff is informed and believes that records relevant to this action are maintained in Los Angeles County, California.

11. As a Representative Action under the PAGA, this matter is not subject to removal under 28 U.S.C. sections 1322(a)-(d) as PAGA civil penalty actions are not subject to federal jurisdiction.

### GENERAL ALLEGATIONS

12. At all relevant times, Plaintiff and other aggrieved employees worked for Defendants in California, and Defendants conducted business in California.

13. Plaintiff was employed by Defendants from June 10, 2013, to December 27, 2023.

14. Plaintiff was employed as a Propulsion Technician and later as a Lead Precision Cleaning Technician in the Production Group, Precision Tube Fabrication department.

15. At the start of his employment, Plaintiff's base pay was $19.00 per hour plus a $1.33 per hour shift differential for working the second shift. By the end of his employment, Plaintiff's base pay had increased to $42.00 per hour as of May 31, 2023.

16. Plaintiff and other aggrieved employees were non-exempt employees covered under one or more Wage Orders and Labor Code §512.1, and Defendants were obligated to provide Plaintiff and other aggrieved employees compliant meal and rest periods and an hour of pay at the employee's regular rate of pay for each workday a compliant meal and/or rest period was not provided.

17. Plaintiff and other aggrieved employees were non-exempt employees covered under one or more Industrial Welfare Commission Wage Orders ("Wage Orders"), and Labor Code §§1194, 1194.2, 1197, 1197.1, and other applicable orders, regulations, and statutes, and each Class Member or aggrieved employee was not subject to executive, administrative, professional, or other exemptions, and Defendants are obligated to pay Plaintiff and aggrieved employees all lawful wages

18. Plaintiff and other aggrieved employees received shift differentials for working the second shift.

19. Plaintiff received regular bonuses, including "Kick Ass Awards" of $625 in both 2015 and 2016.

20. Plaintiff and other aggrieved employees regularly worked shifts of 10 to 12 hours and was

therefore entitled to receive at least two meal periods and three rest periods during those shifts.

21. Plaintiff and other aggrieved employees were at times denied compliant off-duty and interrupted meal periods of at least 30-minutes in length due to frequent work-related matters he was required to attend to at all times including during meal periods.

22. Plaintiff and other aggrieved employees were at times denied compliant rest periods due to frequent work-related matters he was required to attend to at all times including during rest periods.

23. Notwithstanding Plaintiff's and other aggrieved employees' non-compliant meal and rest breaks, Defendant failed to provide Plaintiff and other aggrieved employees with premium pay, at his regular rate of pay, in lieu of missed or non-compliant meal and rest breaks.

24. These premium payments were not reflected in wage statements issued to Plaintiff and other aggrieved employees. Similarly, these premium payments were not provided to Plaintiff and other aggrieved employees upon separation from employment.

25. Plaintiff and other aggrieved employees routinely worked shifts of 10 to 12 hours per day and frequently worked beyond 40 hours per week. Despite working these extended hours, Plaintiff and other aggrieved employees were not consistently compensated at 1.5 times his regular rate of pay for hours worked beyond 8 hours per day or 40 hours per week, as required by Labor Code §510(a).

26. These overtime wages were not accurately reflected in wage statements issued to Plaintiff and other aggrieved employees. Similarly, these wages were not provided to Plaintiff and other aggrieved employees upon separation from employment.

27. Because the wage statements issued by Defendants to Plaintiff and other aggrieved employees did not reflect premium pay for missed breaks or accurate overtime pay, Defendants failed to provide Plaintiff and other aggrieved employees with compliant wage statements as required by Labor Code §226.

28. Because Defendants at times, failed to provide Plaintiff and other aggrieved employees with all due wages, including premium pay for missed breaks and accurate overtime pay, these wages

were not provided upon Plaintiff's termination, as required by Labor Code §§201-202.

29.     Throughout Plaintiff's employment, Defendants allegedly committed various other labor code violations, including but not limited to minimum wage violations, timely wage payment violations, vacation pay violations, sick time violations, failure to produce employee records, and unreimbursed business expense violations that impacted Plaintiff and other aggrieved employees.

30.     Throughout his employment, Plaintiff accrued vacation time, initially at a rate of 3 weeks per annum. Plaintiff alleges that Defendant failed to properly account for and compensate Plaintiff and aggrieved employees for all accrued but unused vacation time upon his termination, in violation of Labor Code §227.3.

31.     Plaintiff alleges that Defendants failed to maintain and produce accurate records of work hours, wages, and other employment-related information as required by Labor Code §§226, 432, and 1198.5.

32.     Plaintiff and aggrieved employees incurred various business-related expenses including, but not limited to, the use of personal cell phones for work purposes, which Defendant allegedly failed to reimburse, in violation of Labor Code §2802.

33.     Plaintiff seeks to represent all aggrieved employees for the period of one year prior to the date of the PAGA Notice and continuing until the unlawful practices are stopped or judgment is entered ("PAGA Period".)

### FIRST CAUSE OF ACTION

**Violation of the Private Attorneys General Act of 2004, Labor Code §§ 2698, *et seq*.**

**(Against All Defendants and DOES 1-10)**

34.     Plaintiff re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

35.     The Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§2698, *et seq.*, permits an aggrieved employee to recover civil penalties for Labor Code violations on behalf of themselves, other employees, and the State of California.

36. Plaintiff is an "aggrieved employee" within the meaning of Labor Code §2699(c) because he was employed by Defendants during the applicable statutory period and suffered one or more of the Labor Code violations set forth in this complaint.

37. On June 13, 2024, Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants of these specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations, as required by Labor Code §2699.3(a). Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's Notice.

38. There has been no LWDA intervention within 65 days of Plaintiff's written notice.

39. Plaintiff seeks to recover civil penalties pursuant to PAGA for the following Labor Code violations: failure to provide rest breaks in violation of Labor Code §226.7(a); failure to provide meal periods in violation of Labor Code §512(a); failure to pay overtime in violation of Labor Code §510(a); failure to pay minimum wages in violation of Labor Code §1182.12; failure to pay all wages due and owing in violation of Labor Code §§204-204b; failure to provide accurate wage statements in violation of Labor Code §226; failure to pay all vested vacation wages in violation of Labor Code §227.3; failure to allow use of sick leave in violation of Labor Code §246; failure to reimburse all work-related business expenses in violation of Labor Code §2802; and failure to timely pay all wages due during and upon separation in violation of Labor Code §§201-203, 204.

40. Plaintiff is entitled to recover the civil penalties for each of these violations as provided by Labor Code §2699(f), which states that if a civil penalty for a violation is not specifically provided, the penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

41. Plaintiff will seek penalties of $100 for the initial pay period an employee was underpaid, and $200 for each subsequent violation. Labor Code § 2699(f)(2). Funds recovered will be distributed in

accordance with the PAGA, with 75% of the civil penalties provided to the LWDA on behalf of the State of California. The amount of the applicable penalty will be proven at trial.

42. For violations of Labor Code §§226.7 and 512, Plaintiff is entitled to recover a civil penalty of fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages, pursuant to Labor Code §558(a).

43. Pursuant to Labor Code §2699(g)(1), Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That this action be maintained as a PAGA Representative Action, and Plaintiff and her counsel be provided with enforcement capability as if the action were brought by the LWDA;

B. For recovery of all civil penalties as permitted by Labor Code section 2699, for unpaid minimum, regular, and overtime wages owed pursuant to Labor Code section 1194, according to proof;

C. For recovery of civil penalties as permitted by Labor Code section 2699, for unpaid meal period premiums earned pursuant to Labor Code section 226.7, according to proof;

D. For recovery of civil penalties as permitted by Labor Code section 2699 for unpaid rest period premiums earned pursuant to Labor Code section 226.7, according to proof;

E. For all civil penalties to be distributed 75% to the LWDA and 25% to the aggrieved employees, subject to approval by the Court, pursuant to Labor Code section 2699(i);

F. For the Plaintiff to be recognized by the Court as serving as a Representative of the LWDA, that he be deemed an "aggrieved employee," and that he be awarded some form of enhanced compensation for bringing this action should he prevail and provide benefit to the State of California or other "aggrieved employees," subject to the Court's discretion;

G. For reasonable attorneys' fees and costs; and

    H.    For such other relief the Court deems just and proper.

DATED:    September 30, 2024    **LAUREL EMPLOYMENT LAW**

_____
Joshua I. White, Esq.
Marta Manus, Esq.
Attorneys for Plaintiff, Ricardo Perez

# EXHIBIT 1



Joshua White
Josh@laurelemploymentlaw.com

June 13, 2024

**VIA ONLINE SUBMISSION**

California Labor and Workforce Development Agency
Private Attorney General Act (PAGA) – Filing

**VIA CERTIFIED MAIL (RETURN RECEIPT REQUESTED)**

Space Exploration Technologies Corp.
1 Rocket Road
Hawthorne, CA 90250

      Re:    *Ricardo Perez v. Space Technologies Corp. dba SpaceX*
               **PAGA Notice**

Dear Labor and Workforce Development Agency and Space Technologies Corp.:

      Please allow this correspondence to serve as written notice required by *Cal. Lab. Code* § 2699.3(a)(1) of the specific provisions of the Labor Code allegedly violated by Space Technologies Corp. dba SpaceX, and its affiliates, (hereinafter "SpaceX" or "Respondent"), and the facts and theories in support of said allegations. This firm represents Ricardo Perez ("Mr. Perez") and we hereby notify you that Mr. Perez intends to seek penalties against SpaceX under the Private Attorneys General Act of 2004, *Cal. Lab. Code* §§ 2698 *et seq.* ("PAGA"), on behalf of themselves and all other aggrieved employees ("Class"). This letter, which constitutes the notice required by Labor Code § 2699., is based on currently possessed information and belief.

      This letter contains information available to Mr. Perez at this time. Therefore, the information set forth in this Notice is subject to modification based on the information to be received during the course of future proceedings.

      **Identity of "Employees"**

      Mr. Perez intends to pursue PAGA claims on his own behalf and on the behalf of other current and former employees of the entities/individual referenced below who performed non-exempt work for said entities/individual and were either: 1) classified as a non-exempt employee or 2) should have been classified as a non-exempt employee. Said employees are limited to employees performing work for said entities/individuals at any time during the following time period: One (1) year prior to the date of this PAGA Notice letter and continuing until the unlawful employment practices are stopped and/or a judgment is entered.

**Laurel Employment Law APC**

Said employees are collectively hereinafter referred to as "Employees." The names of Employees (other than Mr. Perez) are contained within the personnel records of SpaceX ("Employer")

### Identity and Capacity of Employers/Joint Employers:

Mr. Perez intends to pursue a PAGA action against his Employer (SpaceX) and its parent companies, subsidiaries, successors, owners, officers, directors, and managing agents (collectively referred to as "Employer" as well). Mr. Perez will seek to hold all owners, directors, officers and managing agents of his Employer, personally liable for said violations to the extent permitted under Labor Code § 558 and/or Labor Code § 558.1.

All business entities referenced herein were the alter-egos of each and every other entity and individual referenced herein and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between said entities and individuals such that any separateness between them ceased to exist in that said individuals and other entities have completely controlled, dominated, managed, and operated the business entities and have intermingled the assets of each to suit convenience. Further, each of the business entities are, and at all times mentioned herein were, mere shells, instrumentalities, and conduits through which the other above-referenced entities/individuals carried out their business while exercising complete control and dominance of the business such that individuality or separateness did not truly exist. Therefore, in the PAGA action, Mr. Perez will seek to hold each said individual and/or entity jointly and severally liable for any and/or all violations committed by the other above-referenced individuals and/or entities.

It should further be noted that the Employer and its parent companies, subsidiaries, successors, owners, officers, directors, and/or managing agents have been engaged in a joint enterprise. Moreover, said persons/individuals are joint employers of Employees for the following reasons: 1) Said entities/individuals directly and/or indirectly exercised control over the wages, hours or working conditions of Employees; 2) Said entities/individuals had knowledge (either personally or through officers, directors and/or managing agents) of the work Employees were doing for them while supposedly being employed by another entity/individual and failed to prevent the work from occurring; and 3) Said entities retained or assumed a general right of control over hiring, direction, supervision, discipline, discharge, and relevant day-to-day aspects of the workplace behavior of Employees.

### Violations/Supporting Facts and Theories:

At all times herein, the Employer has been an American spacecraft manufacturer, launch service provider, defense contractor and satellite communications company headquartered in Hawthorne, California, and have employed/jointly employed Employees (including Mr. Perez) to perform work and services in furtherance of their business and joint enterprise interests.

Mr. Ricardo Perez was employed by SpaceX from approximately 2012 until his wrongful termination in December 2023. Throughout his tenure, Mr. Perez, who worked as a lead overseeing two boilers, regularly endured grueling 10 to 12-hour shifts without the legally mandated meal and rest breaks, in direct violation of California Labor Code Sections 226.7 and 512(a). He was

**Laurel Employment Law APC**

compensated at an hourly rate of $44 but was not consistently provided with overtime pay in accordance with California Labor Code Section 510(a), despite frequently working beyond the standard eight-hour workday and forty-hour workweek. These persistent violations form the basis of the claims under the Private Attorneys General Act (PAGA), where Mr. Perez seeks to address and rectify the systemic disregard for labor laws at SpaceX, advocating not only for himself but also for his fellow employees who experienced similar unlawful working conditions.

The Employer has engaged in the following employment practices known to date to be in violation of California employment laws:

**Overtime Violations:**

The Employer has violated and continues to violate Labor Code §§ 500, 510, 1198, and Industrial Welfare Commission Wage Orders, including IWO 2 and 3 (or other applicable law, wage order and/or regulation) by failing to pay Employees overtime compensation as required under California law as follows:

Employees working more than 8 hours in a workday have not been paid time and one-half. Instead, they either were not paid for the time they worked over 8 hours, or they were only paid regular wages rather than overtime wages.

Employees working more than 40 hours in a workweek have not been paid time and one-half. Instead, they either were not paid for the time they worked over 40 hours in a week, or they were only paid regular wages rather than overtime wages.

The Employer's failure to pay Employees overtime wages in accordance with the Labor Code has been, in part, accomplished by wrongfully failing to include all of the times that Employees worked in calculating Employees' wages during each pay-period that Employees were employed.

**Minimum Wage Violations:**

The Employer has violated and continues to violate Labor Code §§ 1182.12, 1194, 1198, and Industrial Welfare Commission Wage Orders, including IWO 2 and 3 (or other applicable law, wage order, regulation and/or local law/ordinance regulating the minimum wage owed to employees who work in the County of Los Angeles and its incorporated cities) by failing to pay Employees at least the minimum wage required under the law.

Specifically, because not all of the time worked by Employees has been/is being reported on the Employees' time records and/or paychecks, Employees have not been paid at least the minimum wage for all the time they actually worked for the Employer.

**Meal Period Violations:**

If not on a daily basis, then on multiple times during each pay period, The Employer has engaged, and continues to engage, in the business-wide practice of not providing Employees with legally compliant meal periods as mandated under California law as follows:

**Laurel Employment Law APC**

a) In violation of Labor Code § 512 and the above-referenced IWOS, The Employer has failed, and continues to fail, to provide Employees working 5.1 to 10 hours in their workday with at least one 30-minute unrestricted and uninterrupted meal period within the first 5 hours of their workday. Instead, Employees are provided their meal periods more than 5 hours after beginning their workday. Employees who were misclassified as exempt employees, were not provided meal periods or their meal periods were on-duty, were late and/or were interrupted. Additionally, in violation of Labor Code § 226.7, The Employer failed to pay said Employees one hour of pay (aka premium pay) for each day a legally compliant meal break was not provided.

b) In violation of Labor Code § 512 and the above-referenced IWOS, The Employer has failed, and continues to fail, to provide Employees working 10.1 to 14 hours in their workday with a second 30-minute, unrestricted and uninterrupted meal period within the first ten hours of their workday. Instead, Employees are either not provided with a meal period or, when they are provided a meal period, the meal period is not timely, it is interrupted, and/or the Employees are required to remain on duty. Additionally, in violation of Labor Code § 226.7, The Employer failed to pay said Employees one hour of pay (aka premium pay) for each day the required second meal period was not provided.

Based on the information known to date, it is believed that every Employee was denied at least one legally compliant meal period every pay period that they worked for the Employer. The total number of pay periods that each Employee was denied one or more meal periods can be determined via the time records of the Employees during the statutory time period. Mr. Perez and others were denied a legally compliant meal period multiple times every pay period.

**Rest Break Violations:**

If not on a daily basis, then on multiple times during each pay period, The Employer has engaged, and continues to engage, in the business-wide practice of not authorizing and/or permitting Employees to take the paid rest breaks they are entitled to under California law as follows:

a) In violation of Labor Code § 512 and the above-referenced IWOS, The Employer has failed, and continues to fail, to authorize and/or permit Employees working 3.5 to 6 hours in a workday to take at least one paid unrestricted and uninterrupted 10-minute net rest break in the middle of their daily work periods even though it was practical for Employees to take such rest breaks. Instead, rest breaks were not paid and/or were not provided in the middle of the work period. Additionally, in violation of Labor Code § 226.7, The Employer failed to pay said Employees one hour of pay (aka premium wages) for each day that required rest breaks were not authorized and/or permitted.

b) In violation of Labor Code § 512 and the above-referenced IWO, The Employer has failed, and continues to fail, to authorize and/or permit Employees working 6.1 to 10 hours in a workday to take at least two paid unrestricted and uninterrupted 10-minute rest breaks in the middle of each of their daily work periods even though it was practical for Employees take such rest breaks. Instead, Employees were either not given such rest

**Laurel Employment Law APC**

breaks; or, when they were given rest breaks, the breaks were interrupted and/or Employees were required to remain on- duty during their rest breaks. Additionally, in violation of Labor Code § 226.7, The Employer failed to pay said Employees one hour of pay (aka premium pay) for each day the required rest breaks were not authorized and/or permitted.

Based on the information known to date, it is believed that every Employee was denied one legally compliant rest break every pay period that they worked for the Employer. The total number of pay period violations that each Employee suffered from one or more rest break violations can be determined via the time records of the Employees during the statutory time period. Mr. Perez and others were denied a legally compliant rest break multiple times per pay period.

### Timely Wage Payment Violations:

The Employer has violated and continues to violate Labor Code §§ 204-204b and the applicable wage order by failing to pay Employees the wages they were due within the timeframes set forth in Labor Code §§ 204-204b. Such failures occurred in at least the following ways:

a) The Employer has not paid Employees overtime pay because the Employer has not included all the time Employees have actually worked in the Employees' time records which are used to calculate Employees' regular and overtime wages.

b) Employees who are owed additional wages due to the Employer's failure to comply with minimum wages laws have not been paid said wages.

c) Employees have not been paid for their vested/accrued vacation benefits.

d) Employees have not been paid for their accrued sick leave benefits.

e) Employees have not been paid the premium pay wages owed by the Employer for missed, untimely, restricted, interrupted and/or short rest breaks.

f) Employees have not been paid the premium pay wages owed by the Employer for missed, untimely, restricted, interrupted and/or short meal periods.

g) Employees have not been paid minimum, regular and/or overtime wages for time worked but not included in the calculations of Employees' wages included in the Employees' paychecks and/or wage statements.

h) Employees have not been paid minimum, regular and/or overtime wages owed for on- duty meal periods.

i) Employees who have worked more than 8 hours to 12 hours in a workday have not been paid time and one-half.

j) Employees who have worked more than 40 hours in a workweek have not been paid time and one-half.

**Laurel Employment Law APC**

Because Employees were not compensated for the above-referenced wages, Employees were not paid such wages within the timeframes set forth in Labor Code §§ 204-204b and Employees have not been paid the penalties set forth in § 210.

### Wage Statement Violations:

The Employer has adopted, and continues to adopt, a custom and practice of failing to provide wage statements to Employees that comply with Labor Code § 226 in the following ways:

The Employer does not provide wage statements that accurately report net wages earned and total hours worked. The Employer's wage statements do not accurately record the total hours worked or the gross/net wages earned by Employees for:

- Premium pay wages for missed, untimely, restricted, interrupted and/or short rest breaks as referenced above.
- Premium pay wages for missed, untimely, restricted, interrupted and/or short meal periods as referenced above.
- Regular and/or overtime wages for time worked but not reported on the Employer's
- time records.
- Regular and/or overtime wages for on-duty meal periods.
- Vacation time pay.
- Sick leave time pay.
- Earned overtime wages.
- Owed wages due to the Employer's failure to comply with minimum wages laws.

The Employer's wage statements have not always accurately recorded all the deductions deducted from Employees' wages.

The Employer's wage statements do not accurately set forth all the hourly rates in effect to the pay period and/or the accurate corresponding number of hours worked at each hourly rate by Employees.

### Waiting Time Violations at Time of Separation:

The Employer has violated and continues to violate Labor Code §§ 201-202 by failing to pay Employees who have become separated from the Employer the complete and correct amount of all wages owed to such Employees at the time of their separation within the timeframes mandated by Labor Code §§ 201-202 in the following ways:

For Employees who have been terminated, The Employer has failed, and continues to fail, to pay said employees all wages due and payable immediately at the time of their termination.

For Employees who have given at least 72-hours-notice of resigning or otherwise separating from the Employer, the Employer has failed (and continues to fail) to pay said Employees all wages due and payable on their last day of work.

**Laurel Employment Law APC**

      For Employees who have resigned or otherwise separated from the Employer and have not given at least 72 hours' notice, the Employer has failed (and continues to fail) to pay said Employees all wages due and payable within 72-hours.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid the premium pay wages owed at the time of separation for missed, untimely, restricted, interrupted and/or short rest breaks.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid the premium pay wages owed at the time of separation for missed, untimely, restricted, interrupted and/or short meal periods. Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid regular and/or overtime wages owed at the time of separation for time worked but not reported on the Employer's time sheets and/or wage statements.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid regular and/or overtime wages owed at the time of separation for on-duty meal periods.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid the overtime wages owed at the time of separation.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid wages owed due to the Employer failure to pay at least the minimum wage mandated by law.

      Employees who have become separated from the Employer (whether by termination, resignation or otherwise) have not been paid the wages they are owed for unpaid rest breaks.

      Since none of the separated employees have been paid the entirety of the wages they were owed at the time of their separation, each such Employee is entitled to continuing wages for the 30-day maximum set forth in Labor Code § 203 (see below). The number of pay period violations of Labor Code §§ 201-202 can be determined from information contained in the Employer's employment records including records which show when Employees became separated from employment with the Employer, when said Employees were paid their final wages from The Employer and what wages were paid as well as records regarding the total number of Employees who have become separated from employment during the statutory period (the number will continue to grow until the illegal practice is stopped).

**Vacation Pay Violations:**

      The Employer has violated and continues to violate Labor Code § 227.3 by failing to pay employees vested vacation time at their time of separation from employment with Employer.

Laurel Employment Law APC

### Payment/Use of Sick Time Violations:

The Employer has violated and continues to violate Labor Code § 245.5 (definition of employee) and § 246 (mandated amounts of accrual of sick time) by failing to allow its past and present employees to accrue sick time in the amount required by law. As well, the Employer has violated and continues to violate Labor Code § 246.5 by failing to permit its past and present employees from using their accrued sick time for the purposes set forth under California law.

### Failure to Produce Records of Employee Violations:

Employer was requested to produce certain employment records in accordance with California law, including Labor Code Sections 226, 432 and 1198.5, and Employer failed to comply or otherwise respond. As such Employer is in violation of the applicable California law, including, but not limited to, the said sections.

### Unreimbursed Business Expense Violations:

California Labor Code section 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. Mr. Segura and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code section 2699(a), (f)-(g) as they remain unreimbursed for the incurred business expenses.

### Conclusion:

If the State of California intends to investigate the matters set forth herein, please inform our offices as soon as possible as prompt administrative action will permit the identified unlawful practices to be rectified in prompt fashion. If the State of California does not send notification of its intent to investigate the alleged violations set forth herein, then pursuant to Labor Code § 2698 et. seq. (PAGA), Mr. Perez reserves the right to file a PAGA cause of action seeking all available damages, penalties, and remedies as well as attorneys' fees, interest, and costs against the Employer, as permitted under the PAGA. Should the State of California require any additional information, please do not hesitate to contact the undersigned.

Sincerely,

*Joshua White*

Joshua White, Esq.
josh@laurelemploymentlaw.com