ALEXANDER HERNAEZ (SBN 201441)
ahernaez@foxrothschild.com
FOX ROTHSCHILD LLP
345 California Street, Suite 2200
San Francisco, California 94104
Telephone:   (415) 364-5540
Facsimile:    (415) 391-4436

KETUL PATEL (SBN 251985)
kdpatel@foxrothschild.com
FOX ROTHSCHILD LLP
Constellation Boulevard, Suite 900
Los Angeles, California 90067
Telephone:  (310) 598-4150
FACSIMILE:       (310) 556-9828

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES
CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PEREZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>SPACE EXPLORATION<br>TECHNOLOGIES CORP., a Texas<br>Corporation; and DOES 1-10, Inclusive,<br><br>      Defendants. | CASE NO.:  **2:24-cv-09942-SPG-E**<br><br>Hon. Sherilyn Peace Garnett<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS** |

1    **1.    INTRODUCTION**

2        1.1.    PURPOSES AND LIMITATIONS

3        Discovery in this action is likely to involve production of confidential,

4    proprietary or private information, as well as highly sensitive technical data that may

5    be subject to United States export control laws and regulations, for which special

6    protection from public disclosure and from use for any purpose other than prosecuting

7    this litigation may be warranted. Accordingly, the parties hereby stipulate to and

8    petition the Court to enter the following Stipulated Protective Order. The parties

9    acknowledge that this Order does not confer blanket protections on all disclosures or

10   responses to discovery and that the protection it affords from public disclosure and use

11   extends only to the limited information or items that are entitled to confidential

12   treatment under the applicable legal principles. The parties further acknowledge, as set

13   forth in section 12.3, below, that this Stipulated Protective Order does not entitle them

14   to file confidential information under seal; Local Civil Rule 79-5 sets forth the

15   procedures that must be followed and the standards that will be applied when a party

16   seeks permission from the court to file material under seal.

17       1.2.    GOOD CAUSE STATEMENT

18       This action is likely to involve trade secrets, customer and pricing lists, and other

19   valuable research, development, commercial, financial, technical and/or proprietary

20   information for which special protection from public disclosure and from use for any

21   purpose other than prosecution of this action is warranted. Such confidential, highly

22   confidential, highly sensitive technical data, and proprietary materials and information

23   consist of, among other things, confidential business or financial information,

24   information regarding confidential business practices, or other confidential research,

25   development, or commercial information (including information implicating privacy

26   rights of third parties), how decisions are made at SpaceX, SpaceX's business

27   contracts, the role of and rapid expansion of Starbase and the Starship program to

28   SpaceX's corporate mission, employees reporting chain/hierarchy, logistics board

2
**STIPULATION AND PROTECTIVE ORDER**

meeting information, and employee recruiting data, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Moreover, the parties and many potential third-party witnesses are business competitors or work for companies that compete with one or more parties. Because of the highly competitive nature of the private space industry, it is essential for SpaceX to maintain its competitive position through the protection of this confidential information regarding its internal structure and operations. This action is also likely to involve highly sensitive technical data that may be subject to United States export control laws and regulations, including the Export Administration Regulations ("EAR"), the International Traffic in Arms Regulations, 22 C.F.R. 120 *et seq*. ("ITAR"), and the Arms Export Control Act ("ACEA") (collectively, "U.S. Export Controls") and therefore may be restricted from unauthorized disclosure to any Foreign Person as defined by 22 C.F.R. 120.16, whether in the United States or abroad. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. **DEFINITIONS**

   2.1. "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" means any information which belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a

**STIPULATION AND PROTECTIVE ORDER**

substantial risk of serious financial, competitive, or other injury that cannot be avoided by less restrictive means.

2.2.    "<u>Action</u>" means the above-entitled proceeding, United States District Court for the Central District of California, Case No. 2:24-CV-9942.

2.3.    "<u>CONFIDENTIAL</u>" means any information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4.    "<u>Court</u>" means the Honorable Sherilyn Peace Garnet, or any other judge to which this Action may be assigned, including Court staff participating in such proceedings.

2.5.    "<u>Confidential Materials</u>" means information (regardless of how it is generated, stored or maintained) or tangible things designated as "CONFIDENTIAL" pursuant to the provisions of this Stipulation and Protective Order.

<u>2.6</u>.    "<u>Counsel</u>" means outside counsel of record for the Parties.

2.7.    "<u>Designating Party</u>" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL."

2.8.    "<u>Disclose</u>" or "<u>Disclosed</u>" or "<u>Disclosure</u>" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

2.9.    "<u>Disclosure or Discovery Material</u>" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

<u>2.10</u>.  "<u>Expert</u>" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

2.11. "<u>Highly Confidential Materials</u>" means information (regardless of how it is generated, stored or maintained) or tangible things designated as "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" pursuant to the provisions of this Stipulation and Protective Order, including information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. "Highly Confidential Materials" may include, but are not limited to, documents, testimony or information that may be subject to U.S. Export Controls, technical data covered by the U.S. Munitions List ("USML") and/or which is governed by EAR and/or ITAR, the unauthorized export of which is punishable by fines and/or imprisonment.

2.12. "<u>Party</u>" means any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.13. "<u>Professional Vendors</u>" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14. "<u>Protected Materials</u>" includes Confidential Materials and Highly Confidential Materials. "Producing Party" means a Party or Non-Party that provides or produces Disclosure or Discovery Material in this Action.

2.15. "<u>Non-Party</u>" means any natural person, partnership, corporation, association or other legal entity not named as a Party to this action

2.16. "<u>Receiving Party</u>" means a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected

5

**STIPULATION AND PROTECTIVE ORDER**

Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. This Order does not govern the use of Protected Material at trial. Any use of Protected Material at trial shall be governed by the orders of the Court.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection.

Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL," to each page that contains protected material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b)    for Testimony given in depositions or other pretrial proceedings, either (i) the Designating Party identifies the Protected Material on the record, before the close of the deposition or pretrial proceeding, or (ii) a Designating Part may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL".  When it is impractical during a deposition or other pretrial proceeding to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, a Designating Party may also (1) during the deposition or pretrial proceeding designate all testimony given or the entire transcript of the deposition or other pretrial proceeding as "CONFIDENTIAL" or

**STIPULATION AND PROTECTIVE ORDER**

"ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL", then (2) within fifteen days after receiving the transcript of that deposition or other pretrial proceeding, revise their designation to designate only those portions of the transcript, or exhibits thereto, entitled to protection as CONFIDENTIAL or ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL.

   c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.** **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  6.1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

  <u>6.2</u>. <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process under Local Rule 37.1 et seq.

  6.3. The burden of persuasion in any such challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the

8

**STIPULATION AND PROTECTIVE ORDER**

material in question the level of protection to which it is entitled under the Producing

Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles. A Receiving Party may use Protected Material that is

disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending or attempting to settle this Action, and not for

any other action or purpose. Such Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the

Action has been terminated, a Receiving Party must comply with the provisions of

section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated

"CONFIDENTIAL" only to:

a)    the Receiving Party's Counsel in this Action, as well as employees

of said Counsel to whom it is reasonably necessary to disclose the information for this

Action;

b)    the officers, directors, and employees of the Receiving Party,

including in-house counsel, to whom disclosure is reasonably necessary for this Action;

c)    Experts of the Receiving Party to whom disclosure is reasonably

necessary for this Action and who have signed the "Acknowledgment and Agreement

to Be Bound" (Exhibit A);

d)    the Court and its personnel;

e)    court reporters and their staff;

f)    professional jury or trial consultants, mock jurors, and Professional

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h)      during their depositions, witnesses and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requires the witness to sign the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

i)      any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

j)      any other person or entity that the Designating Party agrees to in writing.

7.3.    <u>Disclosure of "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" only to:

a)      the Receiving Party's Counsel in this Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

b)      the Court and its personnel;

c)      court reporters and their staff;

d)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

10

**STIPULATION AND PROTECTIVE ORDER**

e)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

f)    Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and <u>Independent Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);</u>

g)    any other person or entity that the Designating Party agrees to in writing.

## 8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a discovery request, subpoena, or a court order issued in other litigation that seeks or compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL," that Party must:

a)    promptly notify in writing the Designating Party, which shall include a copy of the discovery request, subpoena, or court order;

b)    promptly notify in writing the party who caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material sought is subject to this Protective Order, which such notification shall include a copy of this Stipulated Protective Order; and

c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY – HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protection.

b)   In the event that a Party is required, by a valid discovery request, subpoena, or court order, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality order or confidentiality agreement with a Non-Party;

2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3)   make the information requested available for inspection by the Non-Party, if requested.

c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

165152693.1

any information in its possession or control that is subject to any confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

//

//

//

165152693.1

**12.   MISCELLANEOUS**

12.1.   <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.   <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

**13.   FINAL DISPOSITION**

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or

**STIPULATION AND PROTECTIVE ORDER**

constitute Protected Material remain subject to this Protective Order as set forth in
Section 4 (DURATION).

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: November 21, 2024                 Respectfully Submitted,

                                        **FOX ROTHSCHILD LLP**


                               By: _/s/ Ketul Patel_
                                        ALEXANDER HERNAEZ
                                        KETUL PATEL

                                        Attorneys for Defendant
                                        SPACE EXPLORATION
                                        TECHNOLOGIES CORP.

DATED: November 21, 2024          **LAUREL EMPLOYMENT LAW**


                               By:  _/s/ Marta Manus_
                                        JOSHUA I. WHITE
                                        MARTA MANUS

                                        Attorneys for Plaintiff
                                        RICARDO PEREZ

      I hereby attest that the signatories listed, and on whose behalf this filing is
submitted, concur in the filing's content and have authorized the filing.

                                        **FOX ROTHSCHILD LLP**

 Dated:  November 21, 2024

                               By: _/s/ Ketul Patel_
                                        ALEXANDER HERNAEZ
                                        KETUL PATEL
                                        Attorneys for Defendant
                                        SPACE EXPLORATION
                                        TECHNOLOGIES CORP.

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

1

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**.

2

3

DATED:  11/21/2024

4

HON. CHARLES F. EICK
United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16
**STIPULATION AND PROTECTIVE ORDER**

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Ricardo Perez v. Space Exploration Technologies Corp*., USDC Central District Case No. 2:24-CV-09942-SPG-E., USDC Central District Case No. 2:21-CV-06815-MEMF-MAR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I understand that to receive any Highly Confidential Materials, I must be a U.S. Person as defined by 22 C.F.R. 120.15. I certify that I am a U.S. Person as defined by 22 C.F.R. 120.15, and that I agree to comply with all U.S. export laws and regulations, including, without limitation, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. 120, *et seq*.

I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

**STIPULATION AND PROTECTIVE ORDER**

165152693.1

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATION AND PROTECTIVE ORDER**

165152693.1